**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
8/7/2026
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

MICHAEL SMITH,

Plaintiff,

v.

COLORADO SPRINGS SCHOOL DISTRICT 11
(El Paso County School District No. 11),

Defendant.

**Civil Action No.**

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO ENFORCE 20 U.S.C. § 1415(j)

Plaintiff Michael Smith, appearing pro se and solely on his own behalf, alleges as follows:

### I. NATURE OF THE ACTION

1. This is an original action to enforce the stay-put command of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(j), during a pending Colorado due-process proceeding. Plaintiff does not seek review of the educational merits under 20 U.S.C. § 1415(i)(2).

2. Plaintiff is the father of eighteen-year-old R.S. and an IDEA "parent." He asserts his own independent substantive and procedural rights under the IDEA. Although R.S. is

an adult, Colorado sets the age of majority for these purposes at twenty-one: the IDEA rights that Colorado law assigns to a parent remain vested in Plaintiff, and do not transfer to R.S., until R.S. reaches age twenty-one. 34 C.F.R. § 300.520(a); 1 CCR 301-8, Rule 6.02(9). R.S. is not a plaintiff in this action and appears only as a declarant and witness to facts within his own knowledge.

3. When pendency attached, R.S.'s last agreed-upon and implemented educational placement was the full-time Thomas MacLaren School program under his October 7, 2025 Individualized Education Program (IEP), as actually implemented. Defendant proposes to replace that program with a materially different transition program at the Roy J. Wasson Academic Campus while the administrative merits remain pending.

4. Plaintiff presented the pendency question to the Colorado Office of Administrative Courts (OAC), requested expedited protection, and fully briefed the issue. As of the filing of this Complaint, no ruling on the pendency motion has issued. Thomas MacLaren School opens for the 2026-27 school year on August 11, 2026. What Defendant declines to promise, § 1415(j) already requires.

## II. PARTIES

5. Plaintiff Michael Smith resides in Peyton, El Paso County, Colorado. He is R.S.'s father and an IDEA "parent" within the meaning of 34 C.F.R. § 300.30. Plaintiff asserts his own IDEA rights, including the parental rights recognized in *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007). Colorado law does not transfer those rights to the adult student until age twenty-one. 34 C.F.R. §

300.520(a); 1 CCR 301-8, Rule 6.02(9). Plaintiff appears only for himself and does not purport to act as R.S.'s attorney.

6. R.S. was born in 2008. He is an adult student with disabilities who remains eligible for IDEA services and has received an alternate certificate rather than a regular high-school diploma. The parental IDEA rights described in paragraphs 2 and 5 have not transferred to R.S. during the period at issue. He is not a party to this action.

7. Defendant Colorado Springs School District 11, also known as El Paso County School District No. 11, is a Colorado public school district and local educational agency responsible for R.S.'s IEP and special-education services at issue in this action.

### III. JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and IDEA jurisdiction under 20 U.S.C. § 1415(i)(3)(A). Plaintiff's claim arises directly under 20 U.S.C. § 1415(j).

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and the events giving rise to the claim occurred in El Paso County, Colorado.

10. Plaintiff does not ask this Court to decide whether Defendant's proposed May 2026 IEP (form dated May 8, 2026 and addressed through the May 20 continuation of the IEP meeting) provides a free appropriate public education. The sole claim is that Defendant may not unilaterally implement a materially different educational placement while the administrative proceeding remains pending.

11.  The administrative merits proceeding remains pending in OAC Case No. EA 2026-0049, arising from CDE Due Process Complaint No. DP2026-348.

## IV. FACTUAL ALLEGATIONS

12.  R.S. has attended Thomas MacLaren School since 2019 by school choice. During the 2025-26 school year he attended full-time, five days per week during the school's regular hours.

13.  The October 7, 2025 IEP is the last agreed-upon IEP and was implemented at MacLaren. It identifies Thomas MacLaren Upper School as the School of Attendance and provides seventeen hours per week of direct special-education services, sixty minutes per month of direct speech-language services, and 1.5 hours per month of indirect services.

14.  The October Program identifies a general-education-class environment of forty to seventy-nine percent of the time. Its transition goals state that R.S. will participate in District 11's eighteen-to-twenty-one services and complete paraprofessional training, and that he will be employed at a school.

15.  During spring 2026, MacLaren implemented school-based transition activities aligned with those goals through recurring Main Office clerical work and supervised work with kindergarten students. MacLaren personnel also confirmed in writing that the clerical component could be integrated into R.S.'s school day using school-support staff and/or contracted providers.

16.  Defendant's proposed May 2026 IEP materially changes that program, and every change runs in the same direction. Against the approximately thirty-eight-hour full-

time school week MacLaren actually implemented, it defines only thirteen weekly hours of direct services and leaves the rest of R.S.'s week unaddressed. It marks every listed service "Outside General Education Classroom," withdrawing the regular-class participation with nondisabled classmates that the October Program requires; combined with its own statement that no younger students are available at Wasson, the proposal identifies no nondisabled classmates of any age for R.S. It eliminates the paraprofessional pathway outright, removing "paraprofessional" from R.S.'s education/training goals. It defers education-related on-the-job training until after R.S. ages out of eighteen-to-twenty-one services — beyond the period in which Defendant would provide him services at all, so that deferral operates as denial. And it provides no R.S.-specific daily schedule.

17.  After pendency attached, Defendant's July 22, 2026 letter described a Wasson configuration that would provide the October service quantities and represented that R.S. would spend "55% of his day in a general education setting, including vocational opportunities." The letter did not identify regular classes, nondisabled classmates, the paraprofessional-training pathway, the Main Office clerical activity, or a materially equivalent elementary-student practicum.

18.  In its August 3, 2026 administrative response, Defendant confirmed that the paraeducator program "was cancelled" and "will not be available during the 2026-2027 school year for any student in the District." It offered versions of clerical and young-child activities only as a "courtesy" and asserted that STRIVE addresses the

"same skill areas." Defendant did not produce the R.S.-specific schedule its declarant described as "prepared for Student."

19.  Plaintiff has never agreed to the proposed May IEP, to relocation to Wasson, or to any other change that would replace the October Program as R.S.'s pendency placement.

20.  Plaintiff's due-process complaint was delivered to the Colorado Department of Education on July 10, 2026, and docketed on July 15, 2026 as DP2026-348 / EA 2026-0049. Plaintiff expressly invoked § 1415(j) and demanded maintenance of the then-current placement during the proceeding.

21.  On July 23, 2026, Plaintiff moved the OAC to enforce pendency and requested expedited relief. Defendant responded on August 3, stating that it did not oppose an expedited determination. Plaintiff moved for leave and tendered a reply on August 4, requesting a ruling by August 6. Defendant's counsel stated on August 4 that Defendant did not request expedited resolution and requested a hearing on the pendency motion.

22.  On August 7, 2026, the OAC served a Notice of Prehearing Conference setting a telephonic conference in the administrative case for August 19, 2026. The notice neither decides the pendency motion nor sets that motion for hearing. As of the filing of this Complaint, no OAC ruling on the pendency motion has issued, and the administrative merits proceeding remains pending.

23. While the pendency dispute was pending, Defendant disenrolled R.S. from MacLaren without Plaintiff's agreement and without any order authorizing the change.

24. R.S. remains prepared to attend Thomas MacLaren School under the October Program. MacLaren opens August 11, 2026. Defendant's threatened implementation of the Wasson program is therefore immediate.

### V. CLAIM FOR RELIEF - VIOLATION OF 20 U.S.C. § 1415(j)

25. Plaintiff incorporates paragraphs 1 through 24.

26. Section 1415(j) requires a child to remain in the then-current educational placement during the pendency of IDEA administrative and judicial proceedings unless the parent and the State or local educational agency otherwise agree.

27. For purposes of § 1415(j), R.S.'s then-current educational placement is the October 7, 2025 program as last agreed and actually implemented at Thomas MacLaren School before pendency attached.

28. The protected program includes, at minimum: (a) full-time enrollment and attendance five days per week; (b) seventeen weekly hours of direct special-education services, sixty minutes monthly of direct speech-language services, and 1.5 hours monthly of indirect services; (c) the IEP's general-education-class environment of forty to seventy-nine percent of the time, including recurring participation in regular classes with nondisabled students; and (d) a school-based transition program preserving the IEP pathway toward paraprofessional training and

school employment, through Main Office clerical work and an elementary-age practicum or materially equivalent activities.

29.  The proposed Wasson configuration materially changes, eliminates, or leaves unpreserved basic elements of that placement, including the school-based paraprofessional-aligned pathway and the actual regular-class/nondisabled-peer environment.

30.  Defendant has not obtained Plaintiff's agreement to those changes, and no administrative or judicial order authorizes Defendant to implement them.

31.  Defendant's disenrollment of R.S. from MacLaren and threatened implementation of the materially different Wasson configuration violate, or imminently threaten to violate, Plaintiff's rights under 20 U.S.C. § 1415(j).

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Enter a temporary restraining order barring Defendant, pending expedited determination of the § 1415(j) claim, from implementing the May 2026 proposal or any Wasson program that materially changes the protected placement, and requiring continuation of the October 7, 2025 program as implemented at Thomas MacLaren School;

B.  Enter a preliminary injunction, and after appropriate notice determine on an expedited record that R.S.'s then-current educational placement for purposes of § 1415(j) is the October 7, 2025 program as last agreed and implemented before pendency attached;

C. Order Defendant, while proceedings governed by § 1415(j) remain pending, to maintain the protected service configuration, the IEP's forty-to-seventy-nine-percent general-education-class environment through actual regular-class and nondisabled-peer participation, and the school-based transition pathway toward paraprofessional training and school employment, through Main Office clerical work and an elementary-age practicum or materially equivalent activities;

D. Enjoin Defendant from implementing the proposed May 2026 IEP, the materially different Wasson configuration, or any other change to the protected placement absent Plaintiff's written agreement or further lawful order;

E. Award Plaintiff allowable costs; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of August, 2026.

/s/ Michael Smith
Michael Smith, Plaintiff
12603 Enclave Scenic Drive
Peyton, CO 80831
mikessmith36@gmail.com
(623) 261-8402

**PLAINTIFF'S CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL**

**INTELLIGENCE**

Pursuant to the Standing Order Regarding the Use of Generative Artificial Intelligence in Court Filings, Plaintiff certifies that generative artificial intelligence tools were used to assist in drafting and reviewing this filing. Plaintiff personally reviewed the filing for accuracy and completeness, is responsible for all statements and arguments presented, and certifies that all legal citations reference actual, non-fictitious authority and were personally reviewed for accuracy.

/s/ Michael Smith
Michael Smith
Dated: August 7, 2026